NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY NOEM VETA, | No. 10-15693 |
| Petitioner - Appellant, | D.C. No. 4:05-cv-00336-CKJ |
| v. | |
| CHUCK RYAN; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 27, 2011[**]

Before: HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Arizona State prisoner Jeffrey Noem Veta appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2). Accordingly, Veta's request
for oral argument is denied.

Veta contends his right to due process was violated when the State of Arizona did not release him after failing to comply with the speedy trial limits of Ariz. R. Crim. P. 8.3(a) and art. IV(c) of the Interstate Agreement on Detainers ("IAD"). Specifically, Veta contends that the trial court made the objectively unreasonable determination that Veta waived his speedy trial rights. Contrary to Veta's contention, the state court's determination that, through his counsel, Veta waived these rights was not contrary to, or an unreasonable application of, clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1); *New York v. Hill*, 528 U.S. 110 (2000).

Veta also contends that he was denied effective assistance of counsel when his counsel waived Veta's speedy trial rights by proposing a time frame outside the IAD limits. This claim fails because Veta has failed to show that, absent counsel's waiver, there was a reasonable probability that the result of the underlying criminal proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 693-94 (1984). Moreover, the state court decision applying *Strickland* was not contrary to, or an unreasonable application of, clearly established Federal law. *See* 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Veta's separate motions for sanctions and to have the case heard by the original panel are denied.

**AFFIRMED.**